PATRICK RYAN v. ELLEN FLANAGAN, ADMINISTRATRIX OF THOMAS FLANAGAN, DECEASED.

1. The neglect to exhibit a claim to the personal representative of a decedent, within the time limited by the rule to bar creditors, is, by virtue of the 22d section of the act of 1855, (*Nix. Dig.* 653,) an absolute bar to a suit, but, in pleading such bar, all the facts showing due notice and publication must be pleaded and proved.
2. By the 23d section of the act of 1855, (*Nix. Dig.* 653,) the 2d section of the act of February 28th, 1849, (*Nix. Dig.* 308,) is preserved in full force.
3. A final decree, taken under section 2d of the act of 1849, of itself establishes all the facts essential to the protection of the executor. The executor may, if he chooses, rely upon his ability to prove all the facts which constitute a bar, but if he desires to perpetuate his testimony, and to have a decree which will save him the necessity of proving the facts, he must proceed according to the said 2d section.
4. If a claim is presented under oath to the executor, and then assigned away, it is not necessary for the assignee to present it again.

In case. On demurrer to replication.

Argued at June Term, 1875, before the CHIEF JUSTICE, and Justices DEPUE and VAN SYCKEL.

For the plaintiff, *Linn.*

The opinion of the court was delivered by

VAN SYCKEL, J. The declaration in this case is upon two promissory notes drawn by the decedent, in his lifetime, to the order of Patrick D. Casey, and by him endorsed to the plaintiff.

The defendant, by her third plea, sets up, in bar of the action, that upon her application to the surrogate of Hudson county, a nine months' rule to bar creditors of the estate of said intestate was taken, and duly published according to law, and that the plaintiff did not, within the time limited

by said rule, or at any time, exhibit his said claim in writing, under oath, to the defendant, as required by law.

The replication to this plea is, that the said Patrick D. Casey, while he held the said promissory notes, and before they were endorsed to the plaintiff, made and exhibited to the defendant a statement, under oath, of the amount due on said notes, within the time limited by the said rule to bar creditors.

To this replication the defendant demurs, and thereby raises a question as to the sufficiency of the plea, as well as to that of the replication.

By the 15th section of the "act for the limitation of actions," approved April 16th, 1846, (*Nix. Dig.* 513,) the Orphans Court of the proper county is empowered to direct executors and administrators to give public notice to creditors of the estate of the decedent, to bring in their demands within such time as the court may limit, not exceeding two years, nor less than one year, and if any creditor shall neglect to exhibit his demand within the time so limited, after due notice is given, such creditor shall be forever barred of his action therefor against such executors or administrators, provided they take and file refunding bonds from legatees or distributees, as in said section is specified.

This section was enacted February 7th, 1799, and remained unchanged until the passage of the "act for the relief of legatees and next of kin, in the recovery of legacies and distributive shares," approved February 28th, 1849, (*Nix. Dig.* 308,) by which the proviso with respect to the refunding bond in the 15th section of the former act was repealed, and it was further provided, by section 2d, "that when an order directing creditors to bring in their claims has been or shall be made by any Orphans Court, pursuant to the 15th section of 'an act for the limitation of actions,' and after the expiration of the time limited in such order, proof of setting up and advertising the notice thereby directed, according to law, has been or shall be exhibited to their satisfaction, such Orphans Court may, by final decreee, order that all creditors

who have not brought in their claims within the time in said order directed, shall be barred from any action therefor against the executor or administrator, and such decree, so to be made, or heretofore made, shall be conclusive against all persons whatever."

The law was again modified by sections 22 and 23 of a supplement to the Orphans Court act, approved March 17th, 1855. (Nix. Dig. 653.)

Section 22 of that act provides, that the rule to bar creditors shall be a nine months' rule, and if any creditor shall neglect to bring in his demand within the limited time, such creditor shall be forever barred of his action therefor against the executor or administrator, and section 23 provides, that the act of February 28th, 1849, shall be so amended that the same shall apply to all proceedings, by virtue of the said 22d section, to the same extent that it applied to proceedings by virtue of the 15th section of the "act for the limitation of actions."

Thus the 22d section of the act of March 17th, 1855, and the 2d section of the act of February 28th, 1849, were left in full force, and they must be interpreted together, so that both may operate, unless they are clearly repugnant to each other.

The neglect to exhibit the claim within the limited time is constituted a complete bar by this 22d section. No further default on the part of the creditor is necessary to exclude him, and no further action is essential on the part of the personal representative, to shield him from a prosecution, nor can any presentation which the creditor may subsequently choose to make restore his right to institute a suit, the default itself, the statute declares, shall be an absolute bar; but, in pleading such bar, all the facts showing due notice and publication must be particularly set forth and proved upon the trial. After a lapse of time it might be difficult for the executor to make the proof necessary to bring him within the protection of this provision of the law, and I apprehend that, for this reason, the 2d section of the act of February 28th,

1849, was enacted.  By this section, he may make proof of due publication of his rule to bar, and take a final decree, which is declared to be conclusive against all persons whatever.  This decree, when pleaded, of itself establishes all the facts essential to the protection of the executor, and it cannot be attacked collaterally.  The executor may, if he chooses, rely upon his ability to prove all the facts which constitute the bar, but if he desires to perpetuate his testimony, and to have a decree which will save him the necessity of proving such facts, he must proceed according to the 2d section of the act of 1849.

In the plea interposed in this case all the facts necessary to establish a bar under the 22d section of the act of 1855 are duly set forth, and, if proved, would be a defence to the action.  The third plea is not faulty, and this case must, therefore, rest upon the sufficiency of the replication.

It is averred, that the claim was duly exhibited to the defendant by the former holder of it, before its transfer by endorsement to the plaintiff.

The object of the statute is to inform the personal representative of the claims, which may be outstanding against the estate of the decedent, that he may know how to administer it, and not be subjected to suits after he has disbursed all the assets.  That purpose was fully accomplished when the claim was duly exhibited under oath by Casey.

There is nothing in the letter or spirit of these enactments which will affect the negotiability of these notes after the claim was presented to the defendant.  If the notes were endorsed away after the expiration of the time limited by the rule to bar, the plaintiff could not have presented a claim according to the requirement of such rule, and if endorsed before, it was wholly unnecessary to repeal the act of presenting the demand to the defendant.  With respect to these notes, the replication shows that due presentation has been made to charge the estate of the decedent, and the demurrer must, therefore, be overruled, with costs.